# SUPREME COURT.

THE PUTNAM COUNTY CHEMICAL WORKS, respondent, agt. FREDERICK JOCHEN, appellant.

*Attachment — Summons — Sufficiency of service of summons — Irregularities in, which do not warrant the vacating of an attachment.*

Although a summons in an action has not been served in a due and orderly manner, yet, if defendant was sufficiently advised of the proceeding to protect his rights, that does not warrant the vacating of a preceding attachment of which the defendant does not assert he was ignorant

*First Department, General Term, February,* 1886.

*Before* DAVIS, *P. J.,* BRADY *and* DANIELS, *JJ.*

APPEALS from orders denying motions to vacate attachment, judgment, execution and levy, and for liberty to renew motions. Judgment having been entered by default on the sheriff's certificate of service of summons, and execution issued and levy made, defendant then moved to vacate all proceedings, on the ground that the summons had not been served on him. It appears that the deputy sheriff gave the summons to a stranger, from whom it was taken by defendant's book-keeper, and that such book-keeper and the defendant consulted counsel, made frequent examinations of records in the court where action was pending to keep posted as to plaintiff's proceedings, and waited until entry of judgment and issuance of execution and levy before making any application. Defendant's motions were denied at special term, and such orders affirmed on appeal.

*Thomas Darlington,* for appellant.

*Edward D. Bettens,* for respondent.

BRADY, *J.* — The defendant insists that the summons issued in this case was not served upon him; but, if it was not served upon him as certified by the sheriff of Kings county, it was brought to his notice through the instrumentality of the deputy sheriff, Hardoncourt. The latter left the summons, he says, with a man named Brown, at his place of business, but had no knowledge of what became of it, except what Brown told him, and what Brown told him is not revealed. On being asked who Brown was, he said: "I don't know; he works in a factory there." What he meant by "there" is not disclosed, but, by connection with other facts and circumstances, it may be, and doubtless was, the factory on the corner of North Twelfth and Fifth streets, Williamsburgh, Brooklyn, E. D., Kings county.

One Blum, however, states that while he was working at the place just referred to, and in a molasses factory, and on or about

the 31st of August, 1885, a man left some papers with him, requesting him to give them to the boss (meaning the defendant) of the chemical factory, which was also situate on that corner. The person who made this request left his card also, which bore the name of the deputy, Hardoncourt.' The deputy did his work in a slovenly way. He left the papers he was required to serve with a stranger, to be given to a stranger; and, upon the faith of the papers having reached the defendant, returned the process as served. Blum (we have no affidavit from Brown) left the papers behind a clock on the premises of his employer, and some days after, on looking for them, learned that they were not there. These papers, however, reached the hands of the defendant's book-keeper, one Andersen, who informed the defendant of the facts detailed by Blum, and placed the papers in the hands of his attorney. Whether it was the defendant's attorney or Andersen's does not appear, but it does clearly appear that the defendant's attorney and Andersen were in communication about the process.

Although the service of the summons was not made in a due and orderly manner, and exception may therefore be justly taken to the proceeding in that respect, nevertheless the defendant was sufficiently advised of the proceeding to protect his rights, and the order made on the motions has done so by allowing him to come in and defend. The learned justice in the court below, however, vacated the judgment conditionally, requiring the defendant to give security. In this, we think, he erred. The attachment was not vacated but continued, and this was all that the plaintiff could justly expect under the circumstances.

It is not necessary to seek for authorities to sustain the order holding the attachment, under circumstances such as disclosed herein. The object of the summons was to advise the defendant of the commencement of the action, which had been preceded by an attachment, of which the defendant does not assert he was ignorant. Indeed, the facts and circumstances warrant the impression that the course of events was watched and uninterrupted, with a view to the motions made, and from the result

of which the appeals are taken. This is a technical mode of action, but not always reliable. Here it fails.

In *Hilton* agt. *Thurston* (1 *Abb. Pr.*, 313) the facts were similar to· those disclosed herein, and there the defendant did not succeeding in avoiding the consequences.

The order granted should, however, be modified as suggested, and the defendant allowed to appear and defend on the payment of the costs of the motion.

The appeals here are thus disposed of, without costs of appeal to either party.

DAVIS, P. J., and DANIELS, J., concurred.